JULIA TAYLOR v. CERILL TAYLOR.

DIVORCE—*Refusal, Not Error.* The plaintiff sued her husband for a divorce, on the ground of willful abandonment for more than one year. The court refused the divorce. *Held,* Under the evidence, not error.

*Error from Miami District Court.*

THE opinion states the case.

*W. H. Browne,* for plaintiff in error.

*W. T. Johnson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought originally in the district court of Miami county by Julia Taylor against her husband, Cerill Taylor, for a divorce, alleging as the ground therefor willful abandonment for more than one year. At the October term, 1886, the case was tried before the court without a jury, and the court found generally in favor of the defendant and against the plaintiff, and rendered judgment against the plaintiff for costs; and to reverse this judgment, the plaintiff, as plaintiff in error, brings the case to this court.

About the only question now presented is whether the court below erred or not in its general finding of fact. We cannot say that the court below committed any such error. It is true that the defendant was absent from the plaintiff for about

three years; but from the evidence in the case, and especially from the testimony of the defendant, who was a witness at the trial, this absence was at least as much the fault of the plaintiff as it was of the defendant. Their home for many years was at Paola, Kansas. He left, and went to California and remained there about three years. He testified as a witness that while he was absent he wrote many letters to his wife, or rather had them written to her, for he could not read nor write, and that he seldom received any answer in return. He also sent money to her at one time, and directed a son of his and hers to send money to her at another time, and supposed that the son had done so. At one time he wrote a letter to her, suggesting that he would return home; and in answer to this letter she wrote to him not to do so; and she never during all his absence proposed or suggested or expressed any wish or desire that he should return to his home. When he left her at Paola he left her in the possession of their homestead, the title to which was in his name, and also left her in the possession or control of all his other property, and she still remains in the possession of the homestead. We do not think that we can reverse the judgment of the court below, refusing the plaintiff a divorce. We cannot say as against the finding and judgment of the court below that there was any willful abandonment for one year on the part of the defendant as toward the plaintiff. Indeed, upon the whole of the evidence, we think the judgment of the court below is right. In the natural course of things, however, the defendant cannot long remain the husband of the plaintiff. He is now past sixty-six years old, having been born on April 14, 1823; his eyes have greatly failed him and he is likely to become entirely blind, and he is also ruptured. What the plaintiff's age is, is not shown; she was married to the defendant, however, in July, 1853, nearly thirty-six years ago, and they have raised a family of several children.

The judgment of the court below will be affirmed.

All the Justices concurring.